UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRAYNER GERONIMO-ZORRILLA                                              PETITIONER

V.                                            CIVIL ACTION NO. 3:24-CV-723-KHJ-MTP

WARDEN SHANNON D. WITHERS                                              RESPONDENT

ORDER

Before the Court is pro se Petitioner Brayner Geronimo-Zorrilla's [1] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Geronimo-Zorrilla is an alien incarcerated by the Bureau of Prisons (BOP), and he seeks an injunction preventing the BOP from possibly lengthening his sentence. *See* [1] at 1, 10. For the reasons stated, the Court dismisses this case without prejudice for lack of standing.

Geronimo-Zorrilla alleges that the BOP has awarded him sentencing credits under the First Step Act. *Id.* at 2–4. He contends that the BOP has correctly calculated his sentence. *See id.* But he claims that "many inmates in different BOP prisons" are not receiving these credits, even though they "do not have a final order of removal issued by a federal immigration judge." *Id.* at 2. So Geronimo-Zorrilla "is challenging the pos[s]ibility that the BOP . . . may remove [his] earn[ed] time credits . . . from [his] sentence . . . ." *Id.* at 3. He asks the Court "to order the BOP to keep and not remove [his] . . . credits . . . from [his] computation [of] sentence as [he has] been classified by the BOP . . . as eligible and has been granted . . . the . . . credits." *Id.* at 10.

Geronimo-Zorrilla does not seek speedier release; instead, he seeks a protective order against the BOP. "To seek injunctive relief, a plaintiff must show," among other things, "that he is under threat of suffering injury in fact that is concrete and particularized." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (cleaned up). The threat of injury "must be actual and imminent, not conjectural or hypothetical." *Id.* The "threatened injury must be *certainly impending*," and "allegations of *possible* future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (cleaned up).

Geronimo-Zorrilla contends that the BOP has correctly calculated his sentence and awarded him First Step Act credits. [1] at 8. He does not allege that anyone has threatened to take away these credits. He merely alleges that "many" inmates at "different" prisons are being wrongfully denied their credits. *Id.* at 2. The allegation that unnamed prisoners at other prisons may be losing their First Step Act credits is insufficient to imply that the threatened injury—loss of Geronimo-Zorrilla's credits—is "certainly impending." *Clapper*, 568 U.S. at 409 (cleaned up). On this record, any such injury is too speculative. Because he fails to plausibly allege an injury in fact, Geronimo-Zorrilla lacks standing to pursue his claim.

For the reasons stated, the Court DISMISSES this case without prejudice for lack of standing. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Geronimo-Zorrilla at his address of record.

SO ORDERED, this 7th day of March, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE